[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] I. RULING ON DEFENDANTS' MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL. II. RULING ON DEFENDANTS' MOTION TO SET ASIDE VERDICT AND FOR JUDGMENT NOTWITHSTANDING THE VERDICT III. RULING ON MOTION FOR REMITTITUR
 I.
Grounds (1) and (2)
These claims were thoroughly analyzed and adjudicated at the gatekeeper hearing held pursuant to defendants' motion to preclude the testimony of Dr. Robert Peroni. No useful purpose would be served by further explication.
Grounds (3), (4) and (5). The court does not agree. The evidence viewed in a light most favorable to the plaintiff reasonably supports the jury verdict on these points. Campbell v. Gould, 194 Conn. 35, 41 (1984).
Grounds (6) and (11) These claims involve the issue of whether, in a wrongful death case, expert testimony is a prerequisite to jury consideration of loss of earning capacity, or in this case, loss of future disability income payments. At trial, the court heard argument on both sides of the issue and determined that no Connecticut case has ever required expert testimony to support such an award. See, Kinry v. DanburyHospital, 183 Conn. 448, 463 (1981). In fact, the case law seems to hold to the contrary. Floyd v. Fruit Industries, Inc., 144 Conn. 659, 671
(1957). This court continues to believe that no such testimony is necessary.
Moreover, a simple mathematical exercise shows that the jury did not disregard the court's instruction concerning a discount for taxes, interest and living expenses. In fact, the jury discounted the award of economic damages by $13,612.48. Using the figures from the defendants' memorandum of law, it appears that economic damages were arrived at by multiplying two thirds of the decedent's last salary by his life expectancy of 28 years, or $746,666.48. But the jury awarded only $738,029.85. of this sum $4,975.85 represents funeral expense. Thus, $733,000.54 is the amount of economic damages exclusive of funeral expense. The difference between $746,666.48 and $733,000.54 is $13,612.48.
Of course, there is no way to determine what are the components this sum or how much of this sum is represented respectively by taxes, interest and living expenses. As no evidence of any of these was offered, the jury was free to use its own life experiences and make a "crude monetary" assessment. Katsetos v. Nolan, 170 Conn. 637, 657
(1976).
 II
Grounds (1) through (5) are the same as grounds (1) through (5) of I. CT Page 17101
 III
A Court should not disturb an assessment of damages except when a verdict is plainly exorbitant or excessive. Under the particular facts of this case the court can not say that the verdict was excessive or exorbitant.O'Brien v. Seyer, 183 Conn. 199, 208 (1981).
The motions are denied.
BY THE COURT,
Mottolese, Judge